## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KADIJAH K. SIMMONS**                                        **CIVIL ACTION**

**VERSUS**                                                            **NO. 22-378-BAJ-RLB**

**DEPARTMENT OF CHILDREN AND**
**FAMILY SERVICES, ET AL.**

## <u>ORDER</u>

Before the Court are Defendant's Motion to Strike Amended Supplemental Complaint. (R. Doc. 9) and Plaintiff's Motion to for Leave to File Amended Complaint (R. Doc. 10).

The deadline to oppose these motions have expired. LR 7(f). Accordingly, the motions are unopposed.

On or about March 11, 2022, Kadijah K. Simmons ("Plaintiff") initiated this action in State Court alleging disability discrimination and hostile work environment in violation of the Americans with Disabilities Act. (R. Doc. 1-3 at 1-3). Plaintiff named as defendant the Department of Children and Family Services ("DCFS"). Plaintiff asserts that she suffered from a hostile work environment while employed by the DCFS as a Child Welfare Specialist 2 in the Baton Rouge Region. Plaintiff then amended her Petition on April 26, 2022, naming as additional defendants the Louisiana Attorney General Jeff Landry and the State of Louisiana, Division of Administration, Office of Risk Management ("ORM"). (R. Doc. 1-3 at 4-6).

On June 9, 2022, DCFS, Attorney General Landry, and ORM (collectively, "Defendants") removed this action, asserting federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1). The Notice of Removal asserts that DCFS was served on May 10, 2022, and ORM was served on May 10, 2022. (R. Doc. 1 at 1-2).

On June 16, 2022, Defendants filed a Motion to Dismiss seeking relief under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 4).

On July 18, 2022, Plaintiff filed an Amended Supplemental Complaint for Damages ("Amended Complaint") without obtaining leave of court. (R. Doc. 7).

On June 19, 2022, Defendants filed their Motion to Strike Amended Supplemental Complaint. (R. Doc. 9). Defendants seek an order striking the Amended Complaint from the record because Plaintiff failed to seek leave of court or obtain the Defendants' written consent to file her Amended Complaint in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure. The next day, Plaintiff filed a Motion for Leave to File Amended Complaint asserting that the Amended Complaint was filed "as-of-right under Federal Rule of Civil Procedure 15(a)(1)(B)." (R. Doc. 10 at 1).

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P 15(a)(1).

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)

(quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff did not file the Amended Complaint in accordance with either Rule 15(a)(1) or Rule 15(a)(2). With respect to Rule 15(a)(1), Plaintiff did not file the Amended Complaint within 21 days of the service of the Petition or within 21 days of the filing of the Defendants' Motion to Dismiss under Rule 12(b). With respect to Rule 15(a)(2), Plaintiff did not obtain leave of court or the Defendants' written consent to file the Amended Complaint.

Based on the foregoing, the Court will order Plaintiff's Amended Complaint struck from the record. Plaintiff is instructed not to file any additional amended pleadings into the record without obtaining leave of court.

The Court will, however, grant Plaintiff leave, under Rule 15(a)(2), to file into the record the proposed Amended Supplemental Complaint for Damages (R. Doc. 10-1).[1] The motion is unopposed and the Court finds no substantial reason to deny amendment.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Strike Amended Supplemental Complaint (R. Doc. 9) is **GRANTED**. The Clerk's Office shall **STRIKE** Plaintiff's Amended Supplemental Complaint for Damages (R. Doc. 7) from the record.

---

[1] It is unclear whether this proposed pleading differs in any respect from the Amended Complaint (R. Doc. 7) filed directly into the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to for Leave to File Amended Complaint (R. Doc. 10) is **GRANTED**. The Clerk's Office shall enter Plaintiff's Amended Supplemental Complaint for Damages (R. Doc. 10-1) into the record.

**IT IS FURTHER ORDERED** that Defendants shall take appropriate action with respect to the pending Motion to Dismiss (R. Doc. 4), which was directed at the pleadings filed prior to removal, given the entry of Plaintiff's Amended Supplemental Complaint for Damages (R. Doc. 10-1) into the record.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**