## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

KADIJAH K. SIMMONS                                CIVIL ACTION

VERSUS

**DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, ET AL.**                NO. 22-00378-BAJ-RLB

### RULING AND ORDER

On March 11, 2022, Plaintiff initiated this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, alleging that when employed by Defendant Louisiana Department of Children & Family Services (DCFS) she suffered disability discrimination, a hostile work environment, and unlawful termination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA). (Doc. 1-3 at pp. 1-3). In April 2022, Plaintiff amended her original state court petition solely to add Defendants Louisiana Attorney General Jeff Landry and the Louisiana Division of Administration-Office of Risk Management (DOA). (*Id.* at pp. 4-6). In June 2022, Defendants removed Plaintiff's action to this Court, invoking federal question jurisdiction. (Doc. 1).

In August 2022, responding to Defendants' original motion to dismiss, Plaintiff submitted a Second Amended Petition, adding unspecified claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, unspecified claims under "the 1st and 14th Amendments to the United States Constitution and also the Louisiana Constitution of 1974," and various additional state law claims.  (Doc. 15 at ¶ 23).

Now, Defendants again move to dismiss, arguing that Plaintiff's ADA claims

are barred by sovereign immunity, that Plaintiff's Title VII claims and constitutional claims are not plausibly alleged, and that Plaintiff's remaining state law claims are prescribed. (Doc. 19). Plaintiff does not oppose Defendants' Motion.

To survive dismissal at the pleadings stage, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Absent any opposition from Plaintiff, Defendants' Motion will be granted. First, the U.S. Court of Appeals for the Fifth Circuit has squarely held that "Title I of the ADA does not validly abrogate the states' sovereign immunity, meaning that Title I claims [against the state] cannot be heard by the federal courts." *Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 296 (5th Cir. 2012) (citing *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001)).[1] Second, the Court agrees that Plaintiff's haphazard invocation of Title VII and the United States *and* Louisiana Constitutions is plainly insufficient to state actionable claims under any of these authorities. The same goes for Plaintiff's various additional state-law claims,

---

[1] Here, the Court accepts Defendants underlying assumption that Plaintiff pursues her disability-based claims solely under Title I of the ADA. This Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf, and will not make an exception here, where Plaintiff is represented by counsel. *Buchicchio v. LeBlanc*, --- F.Supp.3d ----, 2023 WL 2027809, at *10 n.6 (M.D. La. 2023) (Jackson, J.). To the extent Plaintiff's operative Petition may be construed to assert claims under *other* provisions of the ADA, such claims are waived by Plaintiff's failure to oppose Defendants' Motion. *See id.*

which, in any event, are also prescribed, having accrued on June 1, 2020—the date of

her alleged termination from DCFS (Doc. 1-3 at p. 2)—more than 21 months before

Plaintiff initiated this action in the Nineteenth Judicial District Court.

Accordingly,

**IT IS ORDERED** that Defendant's unopposed **Motion To Dismiss (Doc. 19)**

be and is hereby **GRANTED**, and that the above-captioned action be and is hereby

**DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 6th day of April, 2023

_____

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**